UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES IRA JACKSON,

      Plaintiff,

v.                               Case No.:  2:25-cv-857-SPC-DNF

G. BROWN *et al.*,

      Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff James Ira Jackson's Complaint (Doc. 1). Jackson is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he sues four FCCC officials under 42 U.S.C. § 1983.   The Court granted Jackson leave to proceed *in forma pauperis*, so it must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Jackson's complaint expresses his general discontent about his civil commitment. He makes vague allegations that FCCC residents are subject to torture and retaliation for filing lawsuits, he likens the FCCC to prison, and he complains that other residents have been released, while his commitment has no end date. Such vague and conclusory allegations do not satisfy the *Iqbal*/*Twombly* federal pleading standards. To state a claim, Jackson must plead with specificity how and when each defendant violated his constitutional rights.

Accordingly, Jackson's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Jackson a civil-rights complaint form. Jackson may use the form to file an amended complaint by October 23, 2025. *See* M.D. Fla. 6.04 ("A pro se person in custody must use the standard form…to file…a 42 U.S.C. § 1983 complaint["). Otherwise, the Court will close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on October 2, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3